UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IN RE: BITTORRENT ADULT FILM                **ORDER**
COPYRIGHT INFRINGEMENT CASES
                                            Civil Action Nos.
                                            12-1147(JS)(GRB); and
                                            12-1154(ADS)(GRB)

------------------------------------------------------------------X
**APPEARANCES:**

**Malibu Media, LLC v. John Doe, CV 12-1147 (JS) (GRB),**
**Patrick Collins, Inc. v. John Doe, CV 12-1154 (ADS) (GRB):**
       Jason Aaron Kotzker, Esq.
       Kotzker Law Group
       9609 S. University Blvd. #632134
       Highlands Ranch, Colorado   80163

**Cablevision Systems Corporation (non-party)**
       David Ellen, General Counsel
       1111 Stewart Avenue
       Bethpage, NY 11714-3581
       Attn: John Ma, paralegal

**GARY R. BROWN, United States Magistrate Judge:**

       Less than three months after addressing concerns about potentially abusive litigation tactics by plaintiffs in these actions, this Court is *again* confronted with indicia of improper conduct by plaintiffs' counsel, to wit: plaintiffs' counsel apparently ignored, or tried to circumvent, the very safeguards the undersigned put in place to help prevent unfair litigation tactics while permitting plaintiffs to pursue their claims.   Notwithstanding this Court's unambiguous order that the identities of two John Doe defendants should be produced *only to the Court*, it appears that plaintiffs' counsel issued subpoenas directing the relevant Internet Service

Provider ("ISP") to produce names and addresses of the John Doe defendants *directly to plaintiffs' counsel*.

The purpose of this Order is to address this apparent violation of this Court's express direction, as well as to establish a procedure to go forward with this litigation.

## BACKGROUND

The two remaining actions are brought by plaintiffs Malibu Media LLC ("Malibu") and Patrick Collins, Inc. ("Patrick Collins"), purveyors of adult content on the Internet, alleging that two of their pornographic works, *Veronica Wet Orgasm* and *Gangbanged*, have been purloined by John Doe defendants -- whom plaintiffs have only been able to identify by ISP addresses -- using a peer-to-peer filing sharing protocol known as BitTorrent.  By Order and Report and Recommendation dated May 1, 2012 (hereinafter the "Order"), familiarity with which is assumed, this Court granted in part motions by plaintiffs in these and several related actions[1] for immediate discovery, consisting of Rule 45 subpoenas directed at non-party Internet Service Providers ("ISPs") to obtain identifying information about subscribers to the named IP addresses.  *In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995, 12-1174, 12-1150, 12-1154, 2012 WL 1570765, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012).[2]  In the Order, the

---

[1] The complaints in the related actions have been voluntarily dismissed.  See *K-Beech, Inc. v. John Does 1-37*, CV 11-3995 (DRH)(GRB)DE [40]; *Malibu Media, LLC v. John Does 1-11*, CV 12-1150 (LDW) (GRB) DE [7],[10].

[2] The Order has been adopted by one reviewing court, *see Malibu Media, LLC v. John Does 1-11*, CV 12-1150 (LDW) (GRB), E-Order of 7/24/12, and has been cited with approval by judges dealing with similar cases in several judicial districts.  *Bubble Gum Prods., LLC v. Does 1-80*, No. 12-20367-CIV, 2012 U.S. Dist. LEXIS 100203, 2012 WL 2953309 (S.D. Fla. July 19, 2012); *Patrick Collins, Inc. v. Does 1-37*, No. 2:12-civ-1259, 2012 U.S. Dist. LEXIS 96350, 2012 WL 2872832 (E.D. Cal. July 11, 2012); *Malibu Media, LLC v. Does 1-12*, No. 2:12-civ-1261, 2012 U.S. Dist. LEXIS 96351, WL 2872835 (E.D. Cal. July 11, 2012); *Malibu Media, LLC v. Does 1-7*, No. 2:12-civ-1514, 2012 U.S. Dist. LEXIS 9633, 2012 WL 2872842 (E.D. Cal. July 11, 2012); *Malibu Media, LLC v. Does 1-11*, No. 12-cv-0237, 2012 U.S. Dist. LEXIS 94648 (D.D.C. July 10, 2012); *Malibu Media, LLC v. Does 1-13*, No. 2:12-civ-, 01513, 2012 U.S. Dist. LEXIS 94705, 2012 WL 2800123 (E.D. Cal. July 9, 2012); *Millennium TGA, Inc. v. Comcast Cable Commc'n, Inc.*, No. 12-mc-00150, 2012 WL 2371426 (D.D.C. June 25, 2012); *Patrick Collins, Inc. v. Does 1-4*,

Court reviewed, in detail, coercive settlement efforts tactics by the plaintiffs, which involved, among other things, "negotiations" between a self-proclaimed negotiator for plaintiff and various John Doe defendants in related actions.  Order at 8-11, 16-18; *Patrick Collins, Inc. v. Does 1-58*, No. 3:11cv531, 2011 U.S. Dist. LEXIS 120235, at *6 (E.D.Va. Oct. 5, 2011) ("Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation").

Attempting to balance these concerns against plaintiffs' desire to protect their rights, this Court implemented a detailed procedure to "ensure that the rights of all parties are adequately protected."  Order at 23.   The Court held:

> Thus, the Court is prepared to grant these plaintiffs limited early discovery, to wit: the names and addresses (**not** email addresses or phone numbers) of **only** the subscribers designated as John Doe 1 in *Malibu 26, Malibu 11, and Patrick Collins*. Following service of subpoenas, under the terms and conditions set forth below, the identifying information will be provided to plaintiffs at a status conference, with each John Doe 1 present, giving them an opportunity to be heard, to obtain counsel and, if appropriate, request appointment of counsel from this Court's *pro bono* panel.

Order at 23-24.   The Order further provided that :

> **the ISPs shall produce the information sought to the Court, not to the Plaintiff** within twenty-one (21) days after notifying each Defendant pursuant to paragraph (2) above.  Said submission shall be made *ex parte* and under seal.   Said information will be provided to counsel for plaintiffs at a status conference to be scheduled by the Court.

---

No. 12 Civ. 2962, 2012 U.S. Dist. LEXIS 82253, 2012 WL 2130557 (S.D.N.Y. June 12, 2012); *Media Prods., Inc. v. Does 1-26*, No. 12 Civ. 3719, 2012 U.S. Dist. LEXIS 84111, 2012 WL 2190613 (S.D.N.Y. June 12, 2012); *Zero Tolerance Entertainment, Inc. v. Does 1-45*, No. 12 Civ. 1083, 2012 U.S. Dist. LEXIS 78834, 2012 WL 2044593 (S.D.N.Y. June 6, 2012); *SBO Pictures, Inc. v. Does 1-20,* No. 12 Civ. 3925, 2012 U.S. Dist. LEXIS 78268, 2012 WL 2034631 (S.D.N.Y. June 5, 2012); *Patrick Collins, Inc. v. Does 1-6*, No. 12 Civ. 2964, 2012 U.S. Dist. LEXIS 77486, 2012 WL 2001957 (S.D.N.Y. June 1, 2012); *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950, 2012 U.S. Dist. LEXIS 77469, 2012 WL 2001968 (S.D.N.Y. June 1, 2012); *Patrick Collins, Inc. v. Doe*, No. 12-1153, 2012 U.S. Dist. LEXIS 75986 (E.D.N.Y. May 31, 2012); *Patrick Collins, Inc. v. Does 1-7,* No. 12 CV 2963, 2012 U.S. Dist. LEXIS 73500, 2012 WL1889766 (S.D.N.Y. May 24, 2012); *Aerosoft GMBH v. Doe*, No. 12-21489-CIV, 2012 U.S. Dist. LEXIS 68709 (S.D. Fla. May 16, 2012); *Digital Sins, Inc. v. Does 1-245*, No. 11 Civ. 8170, 2012 U.S. Dist. LEXIS 69286, 2012 WL 1744838 (S.D.N.Y. May 15, 2012).

Order at 24-25 (emphasis in the original).

About a week later, on or about May 8, 2012, plaintiffs' counsel served two subpoenas upon "Optimum Online, c/o CSC Holdings Inc." ("Cablevision"), the only ISP relevant to the two remaining cases seeking the names and addresses of the two John Doe defendants. Each subpoena appears to have been signed by Jason Kotzker, Esq., as counsel for plaintiffs. In both documents, counsel marked a checkbox on the face of the subpoena next to a paragraph stating "YOU ARE COMMANDED to produce at the time, date and place set forth below the following documents . . ." In a box designated "Place," counsel listed the "Kotzker Law Group," along with his office address, as the place for producing the documents. Nowhere in the subpoena does counsel advise Cablevision that the documents should, pursuant to the Order, be produced only to the Court, or that the submission should be made *ex parte* and under seal.

Fortunately, counsel for Cablevision apparently read the Court's order and carefully complied with the procedure set forth. Counsel for Cablevision included the above-described subpoenas with its production to the Court; it appears that plaintiffs' counsel did provide a copy of the Order with the subpoenas. Cablevision followed the Court's direction, providing the names and addresses of the two John Doe defendants to the Court in an *ex parte*, sealed submission.

On or about July 6, 2012, counsel for plaintiffs made motions to extend time to serve the complaints, as it was not yet in possession of defendants' identities. Those motions, again signed by Mr. Kotzker, included the following assertion:

> Cablevision's response to the subpoena was due on or about June 22, 2012. To this day, however, Plaintiff has not been able to obtain Defendant's information from Cablevision.

See Motion for Enlargement of Time, ¶ 5, *Malibu Media*, DE [7]; *Patrick Collins*, DE [10]. Those Motions were granted, extending plaintiffs' time to serve the defendant to August 6, 2012.

4

*Malibu Media*, DE [8]; *Patrick Collins*, DE [11].

## DISCUSSION

In the Order, this Court endeavored to strike a balance between the rights of the plaintiffs and those of the putative John Doe defendants. One of the simplest protections provided was directing that Cablevision, in the first instance, would provide the identities of the John Does to the Court, which would then share that information with the plaintiffs at a status conference. Several other courts have made similar provision in other BitTorrent adult film cases, including several citing this Court's order. *See, e.g., Zero Tolerance Entertainment, Inc. v. Does 1-45*, No. 12 Civ. 1083, 2012 U.S. Dist. LEXIS 78834, 2012 WL 2044593, at *3 (S.D.N.Y. June 5, 2012) (expressly adopting procedures set forth in the Order); *SBO Pictures, Inc. v. Does 1-20*, No. 12 Civ. 3925, 2012 U.S. Dist. LEXIS 78268, 2012 WL 2034631, at *2 (S.D.N.Y. June 5, 2012) (same); *Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170, 2012 U.S. Dist. LEXIS 69286, 2012 WL 1744838, at *7 (S.D.N.Y. May 15, 2012) (describing procedures set forth in the Order as a "sensible protocol"). As noted, by providing the identities to plaintiffs at a status conference, the Court could ensure that the putative John Doe defendants understood their rights and, if appropriate, could secure *pro bono* representation.

This Court's Order cataloged abusive tactics by plaintiffs in related actions against John Doe defendants, and expressed, in no uncertain terms, this Court's concerns about the conduct of this litigation going forward, particularly in light of the serious questions about plaintiffs ability to properly identify defendants based solely upon their IP addresses. As such, it is astonishing that counsel failed to observe the precautions established in the Order. On this record, it is difficult to ascertain whether this apparent failure was deliberate, or simply the result of gross inattention. In

fact, it is possible that counsel has another explanation – for example, if the subpoenas were accompanied by a cover letter further explaining Cablevision's responsibilities, such additional documentation might provide an excuse. But on the record before me, it appears that counsel served a subpoena which unambiguously commands Cablevision to provide the personal identifying information to plaintiffs' counsel, leaving counsel for Cablevision to discern, after reading the attached 26-page decision, how to appropriately handle the material consistent with this Court's order.

  As such, further development of the record is required before a determination can be made as to any appropriate remedy or sanction. Plaintiffs' counsel is hereby directed to file an affidavit or declaration under oath explaining: (1) the facts and circumstances that led to the issuance of the subpoenas in the form in which they were served, (2) the rationale behind issuing subpoenas directing Cablevision to supply the identity of the John Doe defendants to plaintiffs' counsel and not to the Court; (3) the extent of Mr. Kotzker's review of the subpoenas and the Order, and whether he signed them; (4) the identities of all individuals involved in preparing and serving the subpoenas and the extent of their in involvement and (5) any other facts counsel believes might be pertinent in assessing whether sanctions, costs or other remedial relief should be imposed. Plaintiffs' counsel will also provide any and all correspondence with Cablevision in this matter, as well as any other documents that plaintiffs' counsel may wish the Court to consider. Counsel for Cablevision is requested to submit a statement detailing any costs it incurred as a result of the improper subpoena served, including legal costs associated with the appropriate review and implementation of this Court's order, which the Court may consider as part of a resolution of this matter as well as copies of all correspondence with the plaintiffs' counsel in this

6

matter.

At the same time, these actions must continue to proceed apace. As such, a status conference will be held at which the appropriate steps can be taken to provide for service of the summons and complaint on the John Doe defendants, while ensuring appropriate protection of the rights of all parties.

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiffs' counsel shall file an affidavit or declaration as described herein, along with a legal memorandum consisting of no more than five (5) pages, on or before August 15, 2012;

2. Counsel for Cablevision, to whom a copy of this Order will be provided, is directed to submit an itemization of its expenses as described herein, along with copies of any correspondence with the plaintiffs in this matter, on or before August 15, 2012, with a copy to Plaintiffs' counsel;

3. A status conference will be held in this matter on September 10, 2012 at 2:00 p.m. Counsel for plaintiffs is directed to appear in person at that time. The Court will, in a separate order, direct the John Doe defendants to appear at that conference.

4. Plaintiffs' time to serve the summons and complaint in this action, presently set to expire on August 6, 2012, is hereby extended to September 30, 2012.

Dated: Central Islip, New York
July 31, 2012

/s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge