UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IN RE: BITTORRENT ADULT FILM            **ORDER**
COPYRIGHT INFRINGEMENT CASES
                                        Civil Action No.
                                        12-1154 (ADS) (GRB)


----------------------------------------------------------------X
**APPEARANCES:**
Jason Aaron Kotzker, Esq.
Kotzker Law Group
9609 S. University Blvd. #632134
Highlands Ranch, Colorado   80163
Attorney for Plaintiff Patrick Collins, Inc.

Robert C. Angelillo, Esq.
Michael A. Scotto, Esq.
Meyer Suozzi, English & Klein, P.C.
Attorneys for Defendant John Doe #1

**GARY R. BROWN, United States Magistrate Judge:**

    In this copyright infringement action alleging illegal downloading of an adult film, defendant John Doe 1 seeks to continue to proceed anonymously in order to avoid ridicule and damage to his reputation in the community.  As plaintiff does not oppose the motion, the only countervailing interest is that of the public in disclosure of the defendant's identity.  Particularly in light of the history of this case and related cases, which involve evidence of coercive settlement practices and the technologically tenuous connection between individuals sued and the alleged infringement, the interest articulated by defendant outweighs the public interest in disclosure of his identity, especially at this early juncture.  Accordingly, the motion is granted.

1

## BACKGROUND

Plaintiff Patrick Collins, Inc. ("Patrick Collins"), a purveyor of adult media, alleges that one of its pornographic works, *Gangbanged*, has been purloined by defendant John Doe #1 -- whom plaintiff initially identified by ISP address -- using a peer-to-peer filing sharing protocol known as BitTorrent.  By Order and Report and Recommendation dated May 1, 2012 (hereinafter the "Order"), Docket Entry ("DE") [4], familiarity with which is assumed, this Court granted in part motions by plaintiff in this and several related actions for immediate discovery, consisting of Rule 45 subpoenas directed at non-party Internet Service Providers ("ISPs") to obtain identifying information about subscribers to the named IP addresses.  *In re BitTorrent Adult Film Copyright Infringement Cases,* Nos. 11-cv-3995, 12-cv-1147, 12-cv-1150, 12-cv-1154, 2012 U.S. Dist. LEXIS 61447, 2012 WL 1570765 (E.D.N.Y. May 1, 2012), *aff'd*, *Patrick Collins, Inc. v. Doe 1*, No. 12-cv-1154, 2012 U.S. Dist. LEXIS 165764, 2012 WL 5879120 (E.D.N.Y. Nov. 20, 2012).[1]

---

[1] The Order has also been adopted by the Honorable Leonard Wexler in a related case, *see Malibu Media, LLC v. John Does 1-11*, CV 12-1150 (LDW) (GRB), Electronic Order, 7/24/12, and has been cited with approval in similar cases in several judicial districts.  *See, e.g.*, *Bubble Gum Prods., LLC v. Does 1-80*, No. 12-20367-CIV, 2012 WL 2953309 (S.D. Fla. July 19, 2012); *Patrick Collins, Inc. v. Does 1-37*, No. 2:12-cv-1259, 2012 WL 2872832 (E.D. Cal. July 11, 2012); *Malibu Media, LLC v. Does 1-12*, No. 2:12-civ-1261, 2012 WL 2872835 (E.D. Cal. July 11, 2012); *Malibu Media, LLC v. Does 1-7*, No. 2:12-civ-1514, 2012 WL 2872842 (E.D. Cal. July 11, 2012); *Malibu Media, LLC v. Does 1-11*, No. 12-cv-0237, 2012 U.S. Dist. LEXIS 94648 (D.D.C. July 10, 2012); *Malibu Media, LLC v. Does 1-13*, No. 2:12-cv-01513, 2012 WL 2800123 (E.D. Cal. July 9, 2012); *Millennium TGA, Inc. v. Comcast Cable Commc'n, Inc.*, No. 12-mc-00150, 2012 WL 2371426 (D.D.C. June 25, 2012); *Patrick Collins, Inc. v. Does 1-4*, No. 12 Civ. 2962, 2012 WL 2130557 (S.D.N.Y. June 12, 2012); *Media Prods., Inc. v. Does 1-26*, No. 12 Civ. 3719, 2012 WL 2190613 (S.D.N.Y. June 12, 2012); *Zero Tolerance Entm't, Inc. v. Does 1-45,* No. 12 Civ. 1083, 2012 WL 2044593 (S.D.N.Y. June 6, 2012); *SBO Pictures, Inc. v. Does 1-20*, No. 12 Civ. 3925, 2012 WL 2034631 (S.D.N.Y. June 5, 2012); *Patrick Collins, Inc. v. Does 1-6*, No. 12 Civ. 2964, 2012 WL 2001957 (S.D.N.Y. Jun. 1, 2012); *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950, 2012 WL 2001968 (S.D.N.Y. Jun, 1, 2012); *Patrick Collins, Inc. v. Doe*, No. CV 12-1153, 2012 U.S. Dist. LEXIS 75986 (E.D.N.Y. May 31, 2012); *Patrick Collins, Inc. v. Does 1-7,* No. 12 Civ. 2963, 2012 WL 1889766 (S.D.N.Y. May 24, 2012); *Aerosoft GMBH v. Doe*, No. 12-21489-CIV-SEITZ/SIMONTON, 2012 U.S. Dist. LEXIS 68709 (S.D. Fla. May 16, 2012); *Digital Sins, Inc. v. Does 1-245,* No. 11 Civ. 8170, 2012 WL 1744838 (S.D.N.Y. May 15, 2012); *Malibu Media, LLC v. Does 1-14*, No. 12-cv-2071, U.S. Dist. LEXIS 114216, 2012 WL 3401441 (D. Colo. Aug. 14, 2012); *W. Coast Prods. v. Swarm Sharing Hash Files*, No. 12-cv-00670, 2012 U.S. Dist. LEXIS 123170 (W.D. La. Aug. 17, 2012); *Third Degree Films v. Does 1-47*, No. 12-10761, 2012 U.S. Dist. LEXIS 142079, 2012 WL 4498911 (D. Mass. Oct. 2, 2012); *John Wiley & Sons, Inc. v. Does Nos. 1-30*, No. 12 Civ. 3782, 2012 U.S. Dist. LEXIS 135468, 2012 WL 4320448 (S.D.N.Y. Sept. 18, 2012); *Malibu Media, LLC v. Does 1-16*, *Malibu Media, LLC v. Does 1-14*, *Malibu Media, LLC v. Does 1-22*, No. 12-2078, No. 12-2084, No. 12-2088, 2012

In the Order, the undersigned reviewed coercive settlement efforts tactics by the plaintiffs, which involved, among other things, "negotiations" between a self-proclaimed negotiator for plaintiff and various John Doe defendants in related actions. Order 5-6, 9-11; *cf. Patrick Collins, Inc. v. Does 1-58*, No. 11-cv-531, 2011 U.S. Dist. LEXIS 120235, at *6 (E.D.Va. Oct. 5, 2011) ("Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation"). The undersigned granted limited early discovery of the name and address of the individual identified as John Doe 1 in this action, to "be provided to plaintiffs at a status conference, with each John Doe 1 present, giving them an opportunity to be heard, to obtain counsel and, if appropriate, request appointment of counsel from this Court's *pro bono* panel." Order 23-24.

At that conference, *pro bono* counsel appeared at the request of the Court, to consult, as appropriate, with any defendants that appeared; after such consultation, John Doe 1 agreed to accept service through counsel, and requested that the undersigned briefly delay providing his identity to plaintiff Patrick Collins to afford him an opportunity to apply for further relief. *Pro bono* counsel later entered an appearance on behalf of John Doe 1, and made the instant application for John Doe 1 to proceed anonymously. Plaintiff does not oppose the application.

## DISCUSSION

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." As the Second Circuit has observed, "[t]his requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial

---

U.S. Dist. LEXIS 143378 (E.D. Pa. Oct. 3, 2012); *Malibu Media, LLC v. Does 1-28*, No. 12-cv-2599, U.S. Dist. LEXIS 144501, 2012 WL 4755358 (D. Colo. Oct. 5, 2012).

3

proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). At the same time, *Sealed Plaintiff* observes, "Courts have nevertheless carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Id.* In reversing the denial of an application to proceed anonymously by a *pro se* plaintiff who alleged sexual abuse by police officers, the Court of Appeals "set forth the standard governing the use of pseudonyms in civil litigation in our Circuit," noting that "the interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym." *Id.*[2] In the instant case, since plaintiff explicitly consents to the application, only the interest of the public need be considered. DE [22].

*Sealed Plaintiff* catalogs a non-exhaustive list of factors that may be considered in balancing the public interest in disclosure of a party's identity against the needs of the individual to maintain anonymity:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered

---

[2] One could argue that a somewhat different anonymity standard should apply to a defendant, who is being hauled into court, as compared to a plaintiff who has voluntarily availed itself of the Court's resources. However, because the language in *Sealed Plaintiff* appears to apply generally to the "use of pseudonyms," I have not considered this as a factor.

4

>by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 188-9 (citations and alterations omitted).

Here, several factors weigh in favor of protecting defendant's anonymity. First, the history of coercive litigation tactics employed in related cases – tactics which leverage the potential harm to a defendant's reputation – militates in favor of protecting the defendant's identity. *In re BitTorrent,* 2012 WL 1570765 at *10. The effectiveness of such tactics is substantially reduced by the appearance of counsel on John Doe 1's behalf, however, the use of these tactics highlights the potential threat to a defendant's reputation. Secondly, as previously discussed in detail in this matter, plaintiff's identification of defendants solely through an IP address creates a serious risk that John Doe 1 has been falsely identified. *Id.* at *3 ("it is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call"). As Judge Spatt found:

>Many Courts have shared Judge Brown's skepticism of the use of IP addresses to identify file sharing defendants in cases involving pornographic films. *Patrick Collins, Inc. v. Does 1–4*, No. 12–CV–2962, 2012 WL 2130557, at *1 (S.D.N.Y. Jun. 12, 2012) ("There is a real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations.") (citing *Digital Sin,* 279 F.R.D. at 242 ("The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded 'My Little Panties # 2.' The risk is not purely speculative; Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material."); *Digital Sin, Inc. v. John Does 1–179*, No. 11–CV–8172, 2012 U.S. Dist. LEXIS 78292, at *1 (S.D.N.Y. Feb. 1, 2012) ("[S]uch discovery creates a cognizable risk that the names produced could include individuals who did not in fact download the copyrighted material.")); *Patrick Collins,* 2012 WL 2001957, at *1 ("Indeed, the true infringer could just as easily be a third party who

5

> had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering internet connection."); *Next Phase Distribution*, 2012 WL 3117182, at *5 ("Second, the Court recognizes that it is conceivable that several John Does identified in this case did not actually download the Motion Picture.") (citations omitted); *Media Products,* 2012 WL 3866492, at *1 ("Particularly troubling for courts is the high probability of misidentified Doe defendants (who may be the bill-payer for the IP address but not the actual infringer) settling a case for fear of the disclosure of the allegations against them or of the high costs of litigation.")

*Patrick Collins, Inc. v. Doe 1*, No. 12-cv-1154, 2012 U.S. Dist. LEXIS 165764, 2012 WL 5879120, at *6 (E.D.N.Y. Nov. 20, 2012). The questionable link between an IP address owner and the alleged infringement – and the concomitant chance that reputational harm could be inflicted upon an individual further strengthens defendant's application for anonymity. *Next Phase Distrib., Inc. v. Does 1-138*, No. 11 Civ. 9706, 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012).

On the other side of the equation, there is an "atypically weak public interest in knowing the [defendant's] identit[y]." *Sealed Plaintiff*, 537 F.3d at 189. This action is part of a spate of similar actions involving hundreds of thousands of defendants accused of the type of infringement alleged here. *In re BitTorrent,* 2012 WL 1570765 at *1. In fact, a Westlaw search reveals that this plaintiff has brought scores of similar actions involving thousands of John Doe defendants. Thus, in this instance, the incremental value to public of the identity of a single defendant is minimal, representing but a drop in a litigative ocean. Thus, applying the *Sealed Plaintiff* test to this case reveals that the defendant's interest in anonymity substantially outweighs the public interest in the single data point of the defendant's identity.

Other courts have reached similar conclusions in other BitTorrent infringement cases. Recognizing "the highly sensitive nature and privacy issues that could be involved with being

linked to a pornography film," the risk that the named defendants had been misidentified and the minimal public interest in the name of the defendant, one court applied the *Sealed Plaintiff* decision to a nearly identical set of facts and determined that defendants could proceed anonymously. *Next Phase Distrib., Inc.*, 2012 WL 691830, at *2. Two decisions in cases brought by this same plaintiff similarly held that defendants could proceed anonymously. *Patrick Collins, Inc., v. John Does 1-4*, No. 12 Civ. 2962, 2012 WL 2130557 (S.D.N.Y. June 12, 2012); *Patrick Collins, Inc. v. John Does 1-4*, No. 12 Civ. 2962, 2012 WL 3866492 (S.D.N.Y. Sept. 4, 2012) (Baer, J.) (John Doe defendants who wished to remain anonymous permitted to do so by letter request).

Based on the foregoing, defendant's motion to proceed anonymously is hereby GRANTED.

Dated:   Central Islip, New York
         December 3, 2012

                                                    /s/ Gary R. Brown
                                                    GARY R. BROWN
                                                    United States Magistrate Judge