UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

PATRICK COLLINS, INC.,                              Civil Action No.
                                                    12-CV-1154 (ADS) (GRB)
                          Plaintiff,

       -against-

JOHN DOE 1,

                          Defendant.
----------------------------------------------------------------------x

## DEFENDANT'S REPLY MEMORANDUM OF LAW

Defendant submits this memorandum of law in reply to Plaintiff's Memorandum in Opposition to his motion for an order, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), dismissing the complaint.

**INTRODUCTION**

Plaintiff makes numerous arguments in opposition to Defendant Doe's motion to dismiss pursuant to Rule 12 (b)(6) Fed. R. Civ. P.: i) Plaintiff has sufficiently plead a prima facie case of copyright infringement; ii) The Second Circuit has expressly rejected Defendant's argument regarding identification through IP address; iii) Defendant is bound by this Court's earlier decision that Plaintiff established a "prima facie" claim of actionable harm; iv) File sharing is infringement; v) Plaintiff has no remedy if his complaint can't withstand a 12(b)6 motion; and vi) Defendant's motion contains false statements about the allegations in Plaintiff's complaint.

Defendant reasserts the statements and arguments made in his December 3, 2012 memorandum of law in support of the motion to dismiss under Fed. R. Civ. P. 12(b)(6) and will

1

not restate those argument unless necessary to rebut Plaintiff's opposition papers. Additionally, this reply is directed at only four of six Plaintiff's points-- as to the other points Defendant relies on his prior submission.

## ARGUMENT

*Arista Records v Doe 3 is Not Applicable.*

Plaintiff continues to argue that Arista Records v. Doe 3, 604 F.3d 110 (2nd Cir. 2010) is binding on this court for the proposition that a copyright infringer may be identified merely by IP address. As argued in Defendant's memorandum in support of his motion, and noted in this Court's November 20, 2012 decision, Arista Records is not applicable. As this Court noted in its decision confirming the Report and Recommendation of Magistrate Judge Brown, "Judge Brown clearly distinguished the instant case from the facts in Arista Records, and the Court sees no benefit in reviewing his reasoning." Patrick Collins Inc., v. John Doe 1, 12-CV-1154, 2012 WL 5879120, at *5 (E.D.N.Y. Nov. 20, 2012). Magistrate Judge Brown reached this conclusion after noting that in Arista Records "the end user at an IP address was a particular individual, rather than a wireless network. The instant case involved broadband Internet service in a largely residential suburban area at a time when wireless is widely available" In re Bit Torrent Adult Film Copyright Infringement Cases, 12-CV-1154, 2012 WL 157076 at *8 (E.D.N.Y. May 1, 2012). Magistrate Judge Brown further distinguished Arista Records as there, the plaintiff's investigator was able to download music files from the alleged copyright infringer's computer." In Re Bit Torrent at *8.

### *Dismissal of the Complaint is not Barred by the Doctrine of Law of the Case*

Plaintiff argues that this Court's prior decision finding that "Plaintiff[] Patrick Collins ha[s] set forth prima facie claims of actionable harm by alleging ownership of registered, copyrighted works that have been infringed," (In Re Bit Torrent at *6), and that as a result this determination is the "law of the case" and the Court cannot overturn this finding.

At the outset, Plaintiff ignores that both Magistrate Judge Brown's Report and Recommendation and this Court's decision confirming it were highly skeptical of the use of an IP Address to identify a copyright infringer. Magistrate Judge Brown found that "… it is no more likely that the subscriber to an IP Address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call… a single IP address usually supports multiple computer devices--which unlike traditional telephones can be operated simultaneously by different individuals. " In re Bit Torrent at *3. "These developments cast doubt on plaintiff's assertion that the ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity." In re Bit Torrent at *4.

To be clear, Magistrate Judge Brown did not find that Defendant Doe or anyone else infringed on Plaintiff's copyright, just that Plaintiff had established a prima facie case of infringement for the purpose of early discovery.

Of course Plaintiff also ignores the fact that this Court, in denying Plaintiff's objections to Magistrate Judge Brown's Report, adopted the findings that "the Plaintiff failed to establish a reasonable likelihood that the discovery requested would lead to the identity of the Defendants who could be sued." Patrick Collins v. John Doe 1 at *6.

3

Moreover, while Plaintiff is correct in stating the general proposition that "where litigants have once battled for a court's decision, they should neither be required, nor without good reason permitted, to battle for it again," (Virgin Atlantic Airways Ltd v. National Mediation Bd, 956 F.2d 1245, 1255 (2nd Cir. 1992), the doctrine of law of the case does not apply to Doe's attack on the sufficiency of the complaint.

Defendant Doe was not a party to the litigation until after Magistrate Judge Brown issued his Order & Report & Recommendation and he agreed to accept service. Defendant could not have litigated the sufficiency of the complaint prior to becoming a party. Having not been served with process, Doe was not yet a party to the action. See, Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); see also, Sampson v. Village Discount Outlet, 43 F.3d 1474, 1994 WL 70928 at * 2 (7th Cir. 1995). The right to move for dismissal for failure to state a claim is reserved to a party. See, Arista Records v. Doe 3 at 115.

Moreover, the Second Circuit also noted in Virgin Atlantic that the "law of the case doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment. *See Arizona v. California,* 460 U.S. 605, 618, (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power." 956 F.3d at 1255.

If Plaintiff's pre-service motion for early discovery and a decision granting it serve as a bar to litigating the sufficiency of a complaint at a later date when a defendant is represented by counsel it would make for a powerful and potentially unfair litigation tactic. Fortunately, that is not the state of the law.

4

*The Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Regardless of Whether it will Leave Plaintiff with no Recourse*

Plaintiff makes the specious argument that if the court were to dismiss the complaint pursuant to 12(b)(6) Plaintiff would have no recourse to protect his rights, which mandates that the Court not dismiss the complaint.

In support of this theory, Plaintiff cites dicta by Chief Justice Marshall in Marbury v. Madison. While Chief Justice Marshall did write "the very essence of civil liberty consists in the right of every individual to claim the protection of the laws, whenever he received an injury," Marbury v. Madison, 1 U.S. 137, 163 (1803), Plaintiff fails to appreciate that the Court declined to rule in Marbury's favor as he had no basis for recovery in the law.

In arriving at the decision to deny Marbury's application for a *writ of mandamus* and order he be seated as a Justice of the peace in the District of Columba, Chief Justice Marshall also noted "The government of the United States has been emphatically termed a government of laws, and not of men," Marbury v. Madison. 5 US 137, 163. Justice Marshal and the Court denied Marbury's application because no law gave the Supreme Court authority to issue writs of mandamus.

Marbury does not stand for the proposition that a court should fashion a remedy for a litigant when none is provided for under our law, and does not allow parties who have failed to state a claim to continue to pursue lawsuits. If the Court grants the motion to dismiss, Plaintiff has no remedy because he has no case.

*Defendant's Motion Did Not Contain False Statements about the Allegations in Plaintiff's Complaint*

Plaintiff's claim that Defendant falsely characterized the complaint is baseless. Any quarrel that Plaintiff has with Defendant's characterization of the facts is based on Plaintiff's

confusing, misleading, boiler plate and speculative allegations. Defendant merely quoted the very allegations in the complaint. They were not "characterizations," they were plaintiff's own words. The complaint and Plaintiff's opposition claim that BitTorrent was used to infringe their copyright and is replete with details about how the BitTorrent protocol operates, the statements in support of the claim that Defendant infringed the copyright and the exact manner in which their investigation came to these findings. Defendant merely restated these details and highlighted why they do not add up to a cognizable claim against Defendant Doe.

Finally, other courts and academics have noted that forensic investigations involving file sharing are from precise (see, Digital Sin, Inc. v. Does 1-176, No. 11-CV-8172, 2012 WL 263491 at *3 (S.D.N.Y. Jan 30, 2012) (30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material); Hard Drive Productions Inc., v Does 1-90, No. C 11-03825 2012 WL 1094653 at *4 (N.D.Cal. Mar. 30, 2012) (geo-location technology only truly reliable in predicting the country in which an IP is located); cf. AF Holdings LLC. v. Does 1-1,058, Civil Action No. 12-0048, 2012 WL 3204917 (D.D.C. Aug. 6, 2012) (Audit by independent accounting firm showed that one service that provided geo-location service was between 95.5% and 96.1% accurate in determining which U.S. state a given IP address is located ); Challenges and Directions for Monitoring P2P File Sharing Networks-or-Why my Printer Received a DCMA Takedown Notice, Piatek, Kohno & Krishnamurthy, University of Washington Technical Report, UW-CSE-08-06-01, June 5, 2008 (http://dmca.cs.washington.edu/uwcse_dmca_tr.pdf); The Unbearable lightness of Monitoring: Direct Monitoring in Bit Torrent, Chothia, Cova, Novakovic & Toro, School of Computer Science, Univ. Birmingham, UK 2012 (http://www.cs.bham.ac.uk/~tpc/Papers/P2PMonitor.pdf).

This very imprecision makes the Plaintiff's claims all the more speculative.

6

CONCLUSION

The Complaint is merely a formulaic recitation of elements of a cause of action, embellished with specifics about how a legal file sharing system can be misused and sprinkled with speculation about how Defendant used it. Plaintiff's allegations are not plausible and he has not provided information to rise about the speculative level, accordingly the complaint fails to state a claim upon which relief can be granted. See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "[T]he Courts have no obligation to entertain pure speculation and conjecture." See, Gallop v. Cheney, 642 F.3d 364, 368 (2nd Cir. 2011).

Accordingly, the Defendants' motion for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the complaint, and for any other fair and equitable relief that may be appropriate, should be granted.

Dated: December 21, 2012
      Garden City, New York

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Attorneys for Defendant

By: /s/
    Robert C. Angelillo, Esq.
    Michael A. Scotto, Esq.
Attorneys for Defendant John Doe #1
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530
(516) 741-6566
rangelillo@msek.com
mscotto@msek.com

918428

7