| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **JURY TRIAL DEMANDED** |

--------------------------------------------------------X
PATRICK COLLINS, INC.,

                Plaintiff,                      **ANSWER**

            -against-                   Civil Case No. 2:12-cv-01154-ADS-GRB

JOHN DOE 1,
                Defendant.
--------------------------------------------------------X

      Defendant John Doe No. 1, for his Answer to plaintiff's complaint, by his attorneys Meyer, Suozzi, English & Klein, P.C., alleges as follows:

      1.      With respect to the allegations set forth in paragraph 1 of the Complaint, admits that plaintiff purports to allege a claim under the Copyright Act and denies that plaintiff has alleged or can prove any claim under the Copyright Act.

      2.      With respect to the allegations set forth in paragraph 2 of the Complaint, admits that plaintiff seeks to hold defendants liable for damages but denies that there is any basis for such liability against John Doe No. 1.

      3.      Admits the allegations set forth in paragraph 3 of the Complaint.

      4.      Denies the allegations set forth in paragraph 4 of the Complaint.

      5.      Admits the allegations set forth in paragraph 5 of the Complaint, except denies that any event or omission giving rise to a claim has occurred in this District.

      6.      Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint.

      7.      Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint.

      8.      Admits the allegations set forth in paragraph 8 of the Complaint.

9. Denies the allegations set forth in paragraph 9 of the Complaint.

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of the Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint.

15. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Complaint.

16. Denies the allegations set forth in paragraph 16 of the Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of the Complaint.

18. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint.

20. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint.

21. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Complaint.

23. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Complaint.

24. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the Complaint.

25. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the Complaint.

26. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of the Complaint.

27. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Complaint.

28. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint, except denies that John Doe No. 1 went to a torrent site to upload and/or download plaintiff's Work and, further, avers that John Doe No. 1 never uploaded, downloaded or saw the Work.

29. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29 of the Complaint.

30. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the Complaint.

31. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Complaint.

32. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 32 of the Complaint.

33. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint, except denies that John Doe No. 1 was a "peer member" or participated in any "swarm" or interacted or communicated with other "members" of a "swarm in any way related to plaintiff's 'Work'".

34. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of the Complaint.

35. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of the Complaint, except denies that John Doe No. 1 played any role in uploading, downloading, viewing, or distributing plaintiff's Work.

36. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 of the Complaint.

37. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 of the Complaint.

38. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of the Complaint.

39. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of the Complaint, except denies that John Doe No.1 copied plaintiff's Work, engaged in any transaction relating to plaintiff's Work.

40. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Complaint, except denies the allegations with respect to John Doe No. 1.

41. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 of the Complaint.

42. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Complaint.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

44. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 44 of the Complaint.

## AS TO COUNT I

45. With respect to the allegations set forth in paragraph 45 of the Complaint, John Doe No. 1 repeats the answers set forth above.

46. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint with respect to John Doe No. 1.

48. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of the Complaint.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

50. Denies the allegations set forth in paragraph 50 of the Complaint.

51. Denies the allegations set forth in paragraph 51 of the Complaint.

## AS TO COUNT II

52. With respect to the allegations set forth in paragraph 52 of the Complaint, John Doe No. 1 repeats the answers set forth above.

53. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Complaint.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

55. Denies the allegations set forth in paragraph 55 of the Complaint.

56. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of the Complaint.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

58. Denies the allegations set forth in paragraph 58 of the Complaint.

59. Denies the allegations set forth in paragraph 59 of the Complaint.

60. Denies the allegations set forth in paragraph 60 of the Complaint.

61. Denies the allegations set forth in paragraph 61 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

62. Plaintiff's Complaint fails to state a claim upon which relief may be granted against defendant.

### Second Affirmative Defense

63. Plaintiff has failed to join an indispensable party.  Defendant John Doe No. 1 did not engage in any of the downloading and/or infringement alleged by plaintiff, plaintiff failed to include the individual(s) who allegedly engaged in the downloading in question and who is/are indispensable parties pursuant to Rules 12(b)(7) of the Federal Rules of Civil Procedure.  As such, plaintiff's Complaint should be dismissed with prejudice as to defendant John Doe No. 1.

### Third Affirmative Defense

64. The statutory damages sought by plaintiff are unconstitutionally excessive and, thus, a violation of due process.

### Fourth Affirmative Defense

65. The investigative means utilized by plaintiff (including, upon information and belief, its reliance on an unlicensed investigator) violated defendants' privacy and, thus, plaintiff has "unclean hands".

### Fifth Affirmative Defense

66. The damages sought by plaintiff are excessive.

### Sixth Affirmative Defense

67. Plaintiff failed to mitigate its damages, if any.

### Seventh Affirmative Defense

68. While Defendant John Doe No. 1 denies the allegations of facts and conclusions of law alleged in plaintiff's Complaint, Defendant asserts, in the alternative, that there is no allegation that the alleged downloading was for commercial use and, accordingly, invokes the doctrine of fair use.

### Eighth Affirmative Defense

69. Defendant did not intentionally or otherwise deprive or cause Plaintiff to be deprived of any of their rights.

### Ninth Affirmative Defense

70. Any damages to plaintiff were caused by plaintiff's own acts and omissions.

### Tenth Affirmative Defense

71. Defendant reserves the right to plead additional defenses (or cross-claims or counter claims) that may be identified during investigation and/or course of discovery.

WHEREFORE, defendant John Doe No. 1 demands judgment dismissing the Complaint, as against John Doe No. 1, with prejudice, plus costs, punitive damages and attorneys' fees. Defendant further requests that the Court award defendant relief under Section 505 of the Copyright Act, as the prevailing party and dismiss plaintiff's Complaint with prejudice.

## **DEMAND FOR A JURY TRIAL**

Defendant John Doe. No. 1 demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: Garden City, New York<br>June 26, 2013 | MEYER, SUOZZI, ENGLISH & KLEIN P.C.<br><br>By: /s/ Alan E. Marder<br>Alan E. Marder<br>990 Stewart Avenue, Suite 300<br>P.O. Box 9194<br>Garden City, NY 11530-9194<br>Telephone: 516-741-6565<br>Facsimile: 516-741-6706<br>Email: amarder@msek.com<br>*Attorneys for Defendant* |

TO:  Jason Kotzker, Esq.
     Kotzker Law Group
     9609 S. University Blvd., #632134
     Highlands Ranch, CO 80163

946915                                8